# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TURNER, | CASE NO. 1:10-cv-00153-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| FRESNO COUNTY JAIL, | (Doc. 1) |
| Defendant. | |

Plaintiff Brian Turner ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and incarcerated at Fresno County Jail at the time of the events described in his complaint. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Fresno County Jail as the defendant. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims for relief under Section 1983. The Court will dismiss Plaintiff's complaint, with leave to file an amended complaint within thirty (30) days.

**I.   Screening Requirement**

The Court is required to screen complaints brought by incarcerated persons seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint has raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

Plaintiff alleges that for a period of at least thirty days, Plaintiff and other inmates informed jail staff that the conditions in the jail were unsanitary. Plaintiff alleges that the vents and ceiling were covered with mold, dust, and bacteria. Plaintiff claims that jail staff did not take any action to clean the jail. On January 5, 2010, Plaintiff was seen by medical staff and learned that he had an infection that required the doctor to "lance a '2 in' section out of [Plaintiff's] left leg." (Compl. 3, ECF No. 1.) Plaintiff contends that the infection was caused by the unsanitary conditions at Fresno County Jail.

**III.    Discussion**

Plaintiff contends that the unsanitary conditions at Fresno County Jail violated his rights. It is unclear whether Plaintiff's claims should be characterized as Eighth Amendment claims or

Fourteenth Amendment claims because it is unclear whether Plaintiff was held at Fresno County Jail as a convicted prisoner or as a pre-trial detainee. The Eighth Amendment does not apply to pre-trial detainees because pre-trial detainees are not detained for punitive purposes. See Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004). However, the distinction is largely semantic. If the conditions of Plaintiff's confinement would violate a prisoner's Eighth Amendment rights, they would violate a pre-trial detainee's Fourteenth Amendment rights. Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (where a civil detainee is held in conditions similar to or more restrictive than the conditions imposed on a criminal detainee, the conditions constitute "punishment" in violation of the detainees Fourteenth Amendment rights).

While it is unclear whether Plaintiff's claims should be characterized as Eighth Amendment or Fourteenth Amendment claims, the same "deliberate indifference" legal standard applies irrespective of Plaintiff's incarceration status. Cloutheir v. County of Contra Costa, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (deliberate indifference standard applies to claims that government officials failed to prevent harm). For the purposes of screening Plaintiff's claims, the Court will use the use Eighth Amendment terminology as it applies to prisoners.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and

disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

The only entity named as a defendant in Plaintiff's complaint is Fresno County Jail. While it is permissible to sue a municipality under Section 1983 where an official policy or custom is the cause of a constitutional tort, a municipality cannot be held liable for the unconstitutional acts of its employees under a theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Plaintiff has not identified any official policy or custom that caused the unsanitary conditions at Fresno County Jail.

Further, Plaintiff fails to support his claims with factual allegations that plausibly support the conclusion that the conditions in Fresno County Jail were so unsanitary that they posed an excessive risk to Plaintiff's health. The Court finds that Plaintiff's allegation that the vents in Fresno County Jail were dusty and moldy fails to meet the pleading standard described in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Plaintiff has alleged no facts in support of his conclusion that there was any excessive risk to his health. Nor is it clear whether there is any plausible basis for Plaintiff's inference that his infection was caused by the unsanitary conditions at Fresno County Jail. Plaintiff's cursory allegation that the conditions at the Fresno County Jail were unsanitary fails to support a cognizable claim under Section 1983 for an Eighth Amendment violation.

Finally, the Court notes that Plaintiff has failed to allege that any individual jail official acted with deliberate indifference. To plausibly support the conclusion that a jail official acted with deliberate indifference, Plaintiff must allege facts that support the inference that the jail official actually believed that there was an excessive risk to Plaintiff's health. Plaintiff must also allege that the official deliberately ignored the risk to Plaintiff's health and thereby exposed Plaintiff to a risk of harm. Plaintiff has only alleged that he informed some jail officials that the jail was dirty and the officials failed to take any action to clean the jail. Such facts do not plausibly support the conclusion that the jail officials believed there was an excessive risk to inmate health caused by the unsanitary conditions, particularly in light of the fact that the jail officials work in the same areas that Plaintiff occupies. If anything, the jail officials' failure to respond to Plaintiff's complaints supports the inference that they did not believe that the dirty conditions in the jail where they worked posed a danger to a person's health. Plaintiff fails to state any claims for the violation of his rights secured by the Eighth Amendment.

## IV. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how the defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

5

constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 12, 2010                               /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE